Sarkis Garabedian
vs.
Rhode Island Tool Company
W. C. A. Pet. No. 111.

June 16, 1933.

TANNER, J. The petitioner was injured in the employ of the defendant on or about the 29th day of November, 1929, and made claim on that day. He was dragging a tub of bolts which struck against a nail and he fell over on his back. He claimed that he immediately felt pain in his back in the sacroiliac region. He had some treatments for this from the company's physician, went back to work immediately and worked until he was discharged. The work which he did after going back was mainly sweeping.

The company's physician, Dr. Bolster, thought that petitioner's disability was due to the injury. He hadn't seen him since a few months after the injury. Dr. Gordon, who treated him, thought this disability was due to the injury. Dr. Gerber, for the defendant, made a very thorough examination of the man's back and found that he had a number of abnormalities the entire extent of his back. He found no evidence of traumatic injury. Dr. Harris testified substantially to the same effect.

It seems to us, however, even with a back having so many abnormalities as Dr. Gerber testified to and having had a previous injury, that the condition of the back would very likely be aggravated by a fall on the back.

The only question in our minds is: How long can we say that the effect of this aggravation continued? According to the bulk of the medical testimony, including that of Dr. Danforth, appointed by the Court, we do not think that the petitioner is suffering from the effects of the injury.

It seems to us that we can most fairly base the time during which the effect of the injury continued upon the testimony of Dr. Harris, who examined him a year after the injury and testified that he found nothing that would indicate an injury to the spinal process. He could find no tenderness over the sacroiliac region. He made tests and said that he didn't think that the petitioner was suffering from anything due to the injury. We shall therefore allow the petitioner the sum of $558.48 for 52 weeks at $10.74, half of his average wage.

For petitioner: Curran, Hart, Gainer & Carr.

For respondent: Tillinghast, Morrissey & Flynn.